IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 10-419-SLR |
| NYCOMED U.S. INC. and NYCOMED GMBH, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2011, having considered defendant Nycomed U.S. Inc.'s ("Nycomed") motion to transfer or, in the alternative, to stay the proceedings, and the response thereto filed by plaintiff Medicis Pharmaceautical Corporation ("Medicis");

IT IS ORDERED that the motion to transfer is granted and the motion to stay is denied as moot (D.I. 6), for the reasons that follow:

1. **Background.** The instant litigation is the mirror image of litigation pending in the Southern District of New York, *Medicis Pharmaceutical Corporation v. Nycomed U.S. Inc. and Nucomed GMBH,* Civ. No. 10-4140-LAK (S.D.N.Y.). The dispute between the parties arises from Nycomed's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") to manufacture, market and sell Fluocinonide Cream, 0.1%. (D.I. 8) The generic products that are the subject of Nycomed's ANDA are not yet approved by the FDA. (Id.)

2. Medicis is the holder of New Drug Application ("NDA") No. 21-758 for VANOS® (fluocinonide) 0.1% cream ("VANOS®"), approved by the FDA for the treatment of psoriasis, dermatitis and corticosteroid responsive dermatoses. Medicis is also the owner of U.S. Patent Nos. 6,765,001 ("the '001 patent"); 7,220,424 ("the '424 patent"); 7,217,422 ("the '422 patent); and 7,794,738 ("the '738 patent"). (D.I. 20) Each of these patents covers a composition or method for enhancing the potency of fluocinonide hydrochloride, the active ingredient in VANOS®.

3. Medicis is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Nycomed is a New York corporation with its principal place of business in Melville, New York. (D.I. 8) Nycomed is in the business of researching, developing and manufacturing "quality innovative and generic and brand topical pharmaceutical applications." (Id. at ¶ 5) All of Nycomed's facilities and offices are located in New York, Arizona, Pennsylvania and New Jersey. Nycomed does not maintain offices, facilities or bank accounts in Delaware. (id. at ¶ 6) No studies or research have been conducted by Nycomed in Delaware.

5. On May 19, 2010, Medicis filed a complaint against Nycomed for infringement of the '001, '424 and '422 patents in both Delaware and New York. Both docket reports reveal that the cases were filed on May 19, 2010 and entered on the docket on May 20, 2010. An internal review of the Delaware action reveals that it was electronically filed May 19, 2010 at 3:35 p.m. and entered onto the docket as a new civil action on May 20 at 9:33 a.m. The New York action seems to reflect a hand-stamp of the date (May 19, 2010), but without indication of the time. Likewise, the docket states that it was entered on May 20.

6. Although Medicis argues that the issue of transfer is controlled by first filed analysis,[1] there is nothing of record demonstrating that the Delaware action was filed before the New York action. In light of these records, the first filed action analysis is inconclusive.

7. Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

8. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp.*

---

[1] The Third Circuit Court of Appeals adopted the "first-filed rule" where "[i]n all cases of federal concurrent jurisdiction the court which first had possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)(quoting *Smith v. McIver*, 22 U.S. (9 Wheat.) 532 (1824)). Consequently, the second filed action should be stayed or transferred to the court where the first filed action is pending. *Peregrine Corp. v. Peregrine Indus., Inc.*, 769 F. Supp. 169, 171 (E.D. Pa 1991); *Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*, Civil Action No. 01-532-GMS, 2001 WL 1414868 (D. Del. Nov. 13, 2001). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).

*v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

9. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," *Id.*, the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in

the alternative forum)." *Id.* (citations omitted).  The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

10. **Analysis.** Consistent with my usual analysis in transfer cases, I start from the premise that the plaintiff's choice of forum should be given due consideration especially where, as here, plaintiff is a Delaware corporation and the proximity of New York to Delaware does not give rise to any undue burdens in this age of electronic discovery.  The unusual circumstances of this case, however, tip the balance in favor of transfer, that is, plaintiff Medicis filed suit simultaneously in two appropriate courts, the District of Delaware and the Southern District of New York; the suit in New York has progressed faster than that at bar; and New York is the center of the dispute between the parties.  There certainly is no reason for both actions to proceed and no compelling reason for the suit at bar to be the one to survive.

_____
United States District Judge